{¶ 1} On July 27, 1992, the Stark County Grand Jury indicted appellant, Troy Corns, on one count of rape with a force specification in violation of R.C. 2907.02, one count of attempted rape in violation of R.C. 2907.02/2923.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving the daughter of appellant's live-in girlfriend.
 {¶ 2} A jury trial commenced on October 16, 1992. The jury found appellant guilty of the rape and gross sexual imposition counts. By judgment entry filed October 27, 1992, the trial court sentenced appellant to an aggregate term of life imprisonment. Appellant's convictions and sentence were upheld on appeal. See,State v. Corns (November 15, 1993), Stark App. No. CA-9172.
 {¶ 3} On April 1 and 18, 2005, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed April 19, 2005, the trial court classified appellant as a "sexual predator."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS."
 II {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDING AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS."
 III {¶ 7} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS."
 IV {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE."
 V {¶ 9} "THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I, II, III, IV {¶ 10} This court has previously reviewed these arguments inState v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, State v. Frederick A.McIntyre (February 1, 1999), Stark App. No. 1997CA00366, andState v. Bradley (March 29, 1999), Licking App. No. 98CA16. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
 {¶ 11} Assignments of Error I, II, III and IV are denied.
 V {¶ 12} Appellant claims the trial court's classification of "sexual predator" was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09. We disagree.
 {¶ 13} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook
court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 14} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 15} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 16} "(a) The offender's age;
 {¶ 17} "(b) The offender's prior criminal regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 20} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 21} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 22} "(g) Any mental illness or mental disability of the offender;
 {¶ 23} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 26} Specifically, appellant argues there was a lack of evidence to find he is likely to commit sex offenses in the future.
 {¶ 27} In determining appellant to be a sexual predator, the trial court had before it the transcript of appellant's trial, the bill of particulars, this court's opinion affirming the convictions, a risk assessment report and the institutional sexual predator screening instrument. The trial court also heard testimony from Steven Dean, Ph.D., a psychologist who conducted the risk assessment evaluation.
 {¶ 28} In its judgment entry of April 19, 2005, the trial court noted the most significant factor to be the age of the appellant, early twenties, versus the age of the victim, eleven, during the time of the offenses. In finding appellant was likely to commit future sexually oriented offenses, the trial court found the following:
 {¶ 29} "The Defendant engaged in a continuing course of conduct from April, 1990 to May, 1991. The victim was 11 at the time this conduct began. The Defendant was the live-in boyfriend of the victim's mother and had assumed the role of parent. The conduct included sexual contact and fellatio. The Defendant threatened to vaginally rape the victim if she disclosed to anyone the nature of this conduct. I find the length of the conduct engaged in by the Defendant is part of a demonstrated pattern of abuse.
 {¶ 30} "I further find the Defendant displayed cruelty and made threats of additional cruelty.
 {¶ 31} "Finally, in reviewing the testimony of Dr. Dean, I find that the Defendant possesses certain psychological traits which put him at a moderate to high risk of re-offending."
 {¶ 32} Dr. Dean testified he administered a Violence Risk Assessment Guide to appellant. According to the results, appellant has a 76% chance of committing future violent crimes within seven years and an 80% chance within ten years. April 18, 2005 T. at 12. A Static-99 test was also administered which indicated appellant has a 26% chance of committing a sex offense within five years and a 36% chance within fifteen years. Id. at 12-13. Dr. Dean opined the score of this test was not consistent with appellant's risk to re-offend based upon the results of other testing. Id. at 13-14. However, Dr. Dean explained even though the Static-99 test underestimated the level of risk, the rating of the test "would be considered to be in the moderate-high risk category if you went just with the percentages." Id. at 14. Dr. Dean testified appellant refused to accept responsibility for the offenses as appellant "flatly denied ever having committed" the crimes. Id. at 16. Without accepting responsibility, Dr. Dean opined appellant would have difficulty successfully completing a treatment program. Id. at 17-18. In addition, appellant "did not appear to be interested or desiring of any sex offender treatment." Id. at 17.
 {¶ 33} Upon review of the record, we find the trial court's conclusion is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 34} Assignment of Error V is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.